IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Towanda Denise Childers, | ) | C/A No. 0:10-935-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 DSC and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Towanda Denise Childers ("Childers"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for disability benefits.

    The defendant filed a motion to dismiss on October 22, 2010, arguing that Childers's Complaint was untimely filed. (ECF No. 21.) As the plaintiff is proceeding *pro se*, the court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the importance of a motion to dismiss and of the need for her to file an adequate response. (ECF No. 24.) On March 14, 2011, the court issued a second order, advising the plaintiff that she had failed to respond to the court's Roseboro order and providing the plaintiff with fourteen days to advise the court whether she wished to continue with this case and to file a response to the defendant's motion to dismiss. (ECF No. 26.) Childers's response argues the merits of her complaint. (ECF No. 30.)

**DISCUSSION**

The Commissioner argues that Childers's Complaint should be dismissed because it was filed more than sixty days after receipt of the Commissioner's "Final Decision" and was therefore not commenced within the applicable statute of limitations provided for in § 205(g) of the Social Security Act. See 42 U.S.C. § 405(g). Further, the Commissioner contends that there are no circumstances that exist in this matter which would support equitably tolling the deadline. Childers has not specifically responded to these arguments.

In this case, an Administrative Law Judge ("ALJ") issued a decision dated October 15, 2007 denying Childers's claim for disability benefits. (See Jones Decl. ¶ 3(a), ECF No. 21-2 at 3; see also Ex. 1, Jones Decl., ECF No. 21-2 at 5-18.) Thereafter, Childers filed a request for Appeals Council review. The Appeals Council issued a decision dated January 27, 2010 denying Childers's request for review and informing her that she had sixty days from the date she received that letter to commence a civil action in the United States District Court. (Jones Decl. ¶ 3(b), ECF No. 21-2 at 3; see also Ex. 2, Jones Decl., ECF No. 21-2 at 19-23.) The Appeals Council also stated that "we will assume that you received this letter 5 days after the date on it unless you show that you did not receive it within the 5-day period" and advised Childers that she may request additional time to file her action from the Appeals Council. (Ex. 2 at 2, Jones Decl., ECF No. 21-2 at 20.) There is no indication that Childers requested an extension of time to file a civil suit. (See Jones Decl. ¶ 3(b), ECF No. 21-2 at 3.) Further, when the Appeals Council denied Childers's request for review, the ALJ's decision became the "final" decision of the Commissioner. See 20 C.F.R. § 404.981.

PJG

> Section 405(g) of Title 42 provides, in pertinent part:
>
> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a *civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow*.

(emphasis added). The applicable regulations state that the 60-day limitations period begins to run on "the date [the claimant] receive[s] notice of the Appeals Council's action," rather than from the date of mailing. 20 C.F.R. § 404.981. Further, a claimant is presumed to have received notice of the Appeals Council's decision "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

In this case, the Appeals Council denied Childers's request for review on January 27, 2010 and Childers is presumed to have received notice of this decision by February 1, 2010, a presumption which she has not rebutted. Accordingly, Childers had until April 2, 2010 to file her Complaint. See Fed. R. Civ. P. 3 (stating that an action is "commenced" when a complaint is filed with the court). However, Childers did not file her Complaint until April 15, 2010, almost two weeks after the expiration of the deadline. (ECF No. 1.)

While the sixty-day limitations period is subject to equitable tolling, it is justified only in exceptional circumstances. See Bowen v. City of New York, 476 U.S. 467, 479-81 (1986); Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986). Moreover, the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Upon thorough review of the filings in this matter, the court finds that Childers has not presented any circumstances that would warrant equitable tolling of the limitations period.



**ORDER**

Based upon the foregoing, the court finds that Childers has failed to timely file this action and there are no circumstances that would justify equitable tolling. Therefore, it is hereby

**ORDERED** that the defendant's motion to dismiss (ECF No. 21) is granted.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 30, 2011
Columbia, South Carolina

**The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.**